UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE LYNN QUIROZ,

                              Plaintiff,

          -against-

FLORIDA STATE DEPARTMENT OF
CHILDREN AND FAMILY SERVICES; NEW
YORK STATE OFFICE OF CHILDREN AND
FAMILY SERVICES; PENNSYLVANIA
DEPARTMENT OF CHILDREN, YOUTH AND
FAMILIES; NEW YORK DEPARTMENT OF
CORRECTIONS SERVICE; NEW YORK
STATE DEPARTMENT OF HEALTH, OFFICE
OF PROFESSIONAL MEDICAL CONDUCT,

                              Defendants.

23-CV-0832 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Hornell, New York, in Steuben County, brings this action *pro se*. She asserts claims, under 42 U.S.C. § 1983, arising from abuse that she alleges she suffered as a child. By order dated March 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. On March 9, 2023, Plaintiff submitted an amended complaint. For the reasons set forth below, the Court dismisses Plaintiff's amended complaint with leave to replead, within 30 days, her Section 1983 claim arising at Sing Sing Correctional Facility.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In Plaintiff Nicole Quiroz's original complaint, she named as defendants "New York State" and "Upstate NY facilities and agencies." (Complaint (ECF 2 at 1.)) She provided a list of "negligent State r[u]n agencies and facilities," including Hornell Intermediate School; "Sing Sing Prison"; Family Court; CPS/Foster care (1979-1991); St. James Hospital; and Elmira Psychiatric

Hospital. (*Id.* at 8.) Plaintiff stated that she had already brought separate suits against St. James Hospital and Elmira Psychiatric Hospital,[1] and she made the following allegations:

> I was abused in every possible way by many individuals on an ongoing basis of suffering abuse from birth-12 years of age when [the] State took custody of me. Two facilities covered up two different rapes, while in their facility/visiting facility. These are Sing Sing Prison covered up rape by father (1983) at the age of about 4 yrs. old. St. James Hospital Psychiatric Ward – approx. 1991 – staff covered up the rape of myself by an older male patent. They did not report it and moved me to a different unit.

(*Id.* at 5.)

Plaintiff further alleged that "I have only known of these things over the course of the last 8 years. I have been very ill dealing with suppressed memories continuing to surface." (*Id.*) In her prayer for relief, Plaintiff asserted that her complaint was primarily a "plea for change" and that an award of damages would allow her to "get the very best treatment available and a possibility to live without so much suffering." (*Id.* at 6.)

Plaintiff filed an amended complaint on March 9, 2023. (ECF 5.) In her amended complaint, Plaintiff alleges the following facts:

> Plaintiff was again and again released back into the hands of abusers. Plaintiff testified against an abuser at the age of four, who would severely punish her for it when he came back into her life and became her step-father and main caretaker. Plaintiff would cry out for help and not be believed and be returned again to be punished even more severely to the point that he tried to kill her. Plaintiff was abused in foster care after being taken from her abusive home at the age of four. Due to traumatic injury, Plaintiff's brain hid her traumatic memories from her to

---

[1] This appears to be a reference to two cases that were filed in this district and transferred to the Western District of New York. *See Quiroz v. Elmira Psych. Center/Hosp.*, *transferred*, 6:23-CV-06065-FPG (W.D.N.Y. Feb. 10, 2023) (dismissing plaintiff's Section 1983 claims as time-barred and noting that New York's Child Victims Act, which "instituted a revival period for certain child abuse claims that may have previously been time-barred," does not apply to Section 1983 claims); *Quiroz v. UR Medicine St. James Hosp.*, 1:23-cv-00453-LTS (S.D.N.Y. Jan. 23, 2023), *transferred*, 6:23-CV-06080 (W.D.N.Y. Feb. 1, 2023) (dismissing, with leave to replead, plaintiff's Section 1983 claims against St. James Hospital on the grounds that there were no allegations that this private hospital could be deemed a state actor and that *respondeat superior* liability is unavailable under Section 1983).

allow her to survive. Plaintiff . . . is only now at the age of forty-three aware of what she believes to be the majority of her devastating childhood trauma.

(ECF 5 at 2.)

Plaintiff attaches to the amended complaint her medical records, and she submits materials that could not be placed on the docket, including notebooks, diaries, and a self-published book. In Plaintiff's amended complaint, she sues the following defendants, all of which are state agencies: the Florida State Department of Children and Family Services; the New York State Office of Children and Family Services (OCFS); the Pennsylvania Department of Children, Youth and Families; the New York Department of Corrections Service (now renamed the New York State Department of Corrections and Community Supervision (DOCCS); and the New York State Department of Health, Office of Professional Medical Conduct (DOH).

## DISCUSSION

### A.     Suing state agencies in federal court

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.

Plaintiff sues the three New York state agencies– the New York State OCFS, DOCCS, and DOH. She also sues state agencies from Florida and Pennsylvania. These three states, New York, Florida, and Pennsylvania, have not waived their Eleventh Amendment immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977) (New York "consents to be sued upon condition that the claimant brings suit in the [New York] Court of Claims"); *Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990) ("[S]ubsection

768.28(16) declares the [Florida] legislature's intention that Florida statutes not be construed to waive Eleventh Amendment immunity unless they explicitly waive immunity from suit in federal court"); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996) (Pennsylvania has not waived its Eleventh Amendment immunity to suit in federal court).[2]

Moreover, Congress did not abrogate the states' immunity in enacting Section 1983. *Trotman*, 557 F.2d at 38. (Section 1983 "contain[s] no such authorization for [federal courts] for the award of money damages against the states"). Because all of the named defendants are state agencies entitled to Eleventh Amendment immunity from suit in federal court for claims under Section 1983, Plaintiff's Section 1983 claims against all defendants must be dismissed.

**B.   Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Many of Plaintiff's claims, including those involving "Hornell Intermediate School," St. James Hospital, and Elmira Psychiatric Hospital, appear to have arisen in in Steuben and Chemung Counties, which are within the Western District of New York. 28 U.S.C. § 112(d). Only Plaintiff's Section 1983 claim arising at Sing Sing, in Westchester County, appears to have arisen within this district. 28 U.S.C. § 112(b).

---

[2] *See generally Bertoldi v. State*, 275 A.D.2d 227, 228 (1st Dep't 2000) ("It is well settled that the [New York] Court of Claims has exclusive jurisdiction over actions for money damages against the State [of New York], [New York] State agencies, or [New York] State officials acting in their official capacities in the exercise of governmental functions.").

Plaintiff alleges that, in 1983, when she was four years old, she was raped by her father in the visiting facility at Sing Sing. As set forth above, Defendant DOCCS, which operates Sing Sing, has Eleventh Amendment immunity to suit in federal court for claims under Section 1983. To pursue a Section 1983 claim in federal court based on these facts, Plaintiff must name an individual defendant, who is both a state actor and who was personally involved in violating her constitutional rights.

Amendment of the complaint to replead in this Court this Section 1983 claim arising at Sing Sing, however, faces several obstacles. First, Plaintiff has asserted that Sing Sing and other agencies were "negligent," and a claim of negligence is not a federal constitutional claim that can be brought under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Morales v. New York State Dep't of Corr.*, 842 F.2d 27 (2d Cir. 1988) ("[A] prisoner cannot base a federal civil rights action brought under 42 U.S.C. § 1983 on claims of a negligent failure of state prison officials to protect him from injury at the hands of another . . . .").

Second, pleading any type of Section 1983 claim against a DOCCS employee in an individual-capacity arising from this incident nearly forty years ago appears to be time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens*, 488 U.S.at 249-50. In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). The statute of limitations for a Section 1983 claim arising in 1983 had long since expired when Plaintiff filed this complaint in 2023.

Moreover, nothing in the complaint suggests that the statute of limitations could be sufficiently tolled. New York law provides that where a person "is under a disability because of infancy. . . at the time the cause of action accrues," the applicable statute of limitations will be tolled.[3] N.Y. C.P.L.R. § 208. Even if the statute of limitations was tolled until 1997, when Plaintiff was 18, any Section 1983 claim filed in 2023 would still be decades late. As Plaintiff was advised in her prior suit, the New York's Child Victims Act, which "instituted a revival period for certain child abuse claims that may have previously been time-barred by the applicable [] statute of limitations," does not apply to Section 1983 claims. See *Quiroz v. Elmira Psych. Center/Hosp.*, No. 6:23-CV-06065, 8 (W.D.N.Y. Feb. 10, 2023) (Order filed Feb. 10, 2023 at 8) (collecting cases); *see also Ganley v. City of New York*, 734 F. App'x 784, 786 (2d Cir. 2018) (summary order) (holding that equitable tolling was unavailable, despite plaintiff's claim that he "suppressed the memory of the defendants' conduct," where he was able to "function generally and pursue his rights").

Although a plaintiff is generally not required to plead that the case is timely filed, *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007), dismissal is appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the

---

[3] New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds). For all of these reasons, it appears that it may be futile for Plaintiff to replead this Section 1983 claim in federal court arising from the alleged violation of her rights in 1983 at Sing Sing. The Court nevertheless will not enter judgment and will hold this matter open on the docket for 30 days to allow Plaintiff, if she wishes to do so, to replead her claim arising at Sing Sing in Westchester County.

To replead this Section 1983 claim, Plaintiff must name a proper defendant, and plead facts showing that the named defendant was personally involved in violating her constitutional rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Plaintiff must also include any facts showing why the claim is not time-barred. Plaintiff's amended complaint should tell the Court who violated her federally protected rights; and how, when, and where such violations occurred.

Plaintiff may wish to consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in

---

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff's Section 1983 claims against all defendants are dismissed based on Eleventh Amendment immunity. The Court will not enter judgment and will hold this matter open on the docket for 30 days to allow Plaintiff to replead her claim arising in 1983 at Sing Sing in Westchester County as set forth above. An Amended Civil Rights Complaint form is attached to this order. If Plaintiff does not amend her complaint to replead this claim, judgment will enter.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 3, 2023
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                  Zip Code

_____          _____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                   Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                   Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                   Zip Code

Defendant 4:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                           State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

